## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MATTHEW D. AREMAN, ESQUIRE
MARKOWITZ & RICHMAN
123 South Broad Street, Suite 2020
Philadelphia, PA 19109
(215) 875-3100
       Attorney for Plaintiff

_____

|  |  |  |
|---|---|---|
| WILLIAM J. EINHORN, ADMINISTRATOR OF THE TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY 6981 N. Park Drive Suite 400 Pennsauken, NJ 08109 | : : : : : : : : | Civil Action No. _____ |
|     Plaintiff, | : : | |
|     v. | : : | **COMPLAINT** |
| PENN JERSEY BUILDING MATERIALS, INC. PO Box 981 Pleasantville, NJ 08234 | : : : : | |
| and | : : | |
| AGATE CONSTRUCTION CO., INC. PO Box 107 1030 Route 83 Ocean View, NJ 08230 | : : : : : | |
| and | : : | |
| TUCKAHOE SAND & GRAVEL CO., INC. Route 610 and Sharp Road Tuckahoe, NJ 08250 | : : : : | |
| and | : : | |
| EASTERN TRANSIT MIX 1208 New Brooklyn Road Williamstown, NJ 08094-3721, | : : : : | |
|     Defendants. | : : | |

_____

The plaintiff, William J. Einhorn, Administrator of the Teamsters Pension Trust Fund of Philadelphia and Vicinity, by and through his attorney, Matthew D. Areman of Markowitz & Richman, complaining of the defendants, Penn Jersey Building Materials, Inc., Agate Construction Co., Inc., Tuckahoe Sand & Gravel Co., Inc. and Eastern Transit Mix, respectfully alleges:

## NATURE OF THE CLAIM

1. This action is commenced to collect withdrawal liability in the amount of $961,281.59, as determined under Section 4201 of ERISA, 29 U.S.C. §1381, and other monetary relief pursuant to Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(e), incurred by a "control group" which includes, but may not be limited to, defendants, Penn Jersey Building Materials, Inc., Agate Construction Co., Inc., Tuckahoe Sand & Gravel Co., Inc. and Eastern Transit Mix.

2. The defendants incurred the aforementioned withdrawal liability when they withdrew completely from the Teamsters Pension Trust Fund of Philadelphia and Vicinity ("The Plan"), a multiemployer pension plan.

3. The defendants, as members of a "control group" are jointly and severally liable for the assessed withdrawal liability under ERISA Section 4001(b) and 4201(a), 29 U.S.C. §§1301(b) and 1381(a).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28

U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

5.  Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), because the Plan is administered in the District of New Jersey, at 6981 N. Park Drive, Suite 400, Pennsauken, NJ 08109, and all defendants have principal places of business within the District of New Jersey.

6.  In accordance with Section 4301(g) of ERISA, 29 U.S.C. §1451(g), plaintiffs will serve the Pension Benefits Guaranty Corporation ("PBGC") with a copy of this Complaint.

## PARTIES

7.  The Teamsters Pension Trust Fund of Philadelphia and Vicinity is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3), and an "employee pension benefit plan" within the meaning of Sections 3(2)(A) and (3) of ERISA, 29 U.S.C. §§1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the withdrawal liability provisions of ERISA.

8.  The plaintiff, William J. Einhorn, is the Administrator of the  Teamsters Pension Trust Fund of Philadelphia and Vicinity and a fiduciary of the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  The plaintiff administers the Plan at 6981 N. Park Drive, Suite 400, Pennsauken, NJ 08109.

9.  Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), the plaintiff  is authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

10. Defendant Penn Jersey Building Materials, Inc. is, and at all times relevant hereto has been, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), with a principal place of business located at PO Box 981, 6761 Washington Ave., Pleasantville, NJ 08232.

11. Defendant Agate Construction Co., Inc. is, and at all times relevant hereto has been, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), with a principal place of business located at PO Box 107, 1030 Route 83, Ocean View, NJ 08230.

12. Defendant Tuckahoe Sand & Gravel Co. Inc. is, and at all times relevant hereto has been, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), with a principal place of business located at Route 610 and Sharp Road, Tuckahoe, NJ 08250.

13. Defendant Eastern Transit Mix is, and at all times relevant hereto has been, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), with a principal place of business located at 1208 New Brooklyn Road, Williamstown, NJ 08094-3721.

14. James Johnson has, at all relevant times, directly or indirectly, owned or co-owned Penn Jersey Building Materials, Inc., Agate Construction Co., Inc., Tuckahoe Sand & Gravel Co., Inc. and Eastern Transit Mix.

15. James Johnson has, at all relevant times, directly or indirectly, controlled, operated and managed Penn Jersey Building Materials; Agate Construction Co., Inc.; Tuckahoe Sand & Gravel Co., Inc. and Eastern Transit Mix.

16. The joinder/presence of the defendants is required under Rule 19 of the Federal Rules of Civil Procedure.

17. The joinder/presence of the defendants is permissible under Rule 20 of the Federal Rules of Civil Procedure.

18. Upon information and belief, no party to this action has filed for protection under the U.S. Bankruptcy Code during the time in which the action arose or thereafter.

## FACTUAL ALLEGATIONS

19. The defendants are a group of "trades or businesses under common control" pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated there under.

20. At varying times, all defendants participated in, and contributed to, the Plan pursuant to the terms of a series of collective bargaining agreements between themselves and various local unions affiliated with the International Brotherhood of Teamsters (hereinafter "Unions") [Copies of Relevant Collective Bargaining Agreements attached as Exhibit A].

21. Participating employers in the Plan are bound by the terms of the Plan.

22. Defendant Eastern Transit Mix ceased making contributions to the Plan in or about the 1992 Plan year.

23. Defendant Tuckahoe Sand & Gravel Co. Inc. ceased making contributions to the Plan in or about the 2006 Plan year.

24. Defendant Penn Jersey Building Materials Inc. ceased making contributions to the Plan in or about the 2008 Plan year.

25. Defendant Agate Construction Co., Inc. ceased making contributions to the Plan in or about the 2009 Plan year.

26. The defendants, as a control group, effectuated a complete withdrawal from the Plan, as that phrase is defined in 29 U.S.C. 1383(a), by permanently ceasing to have an obligation to contribute under the Plan in the 2009 Plan year.

27. On April 13, 2011, the Plan sent a letter to defendant Penn Jersey Building Materials,

Inc., notifying the control group of a potential withdrawal liability assessment [April 13, 2011 Letter Attached as Exhibit B].

28. On February 6, 2012, the Plan, by way of a letter addressed to defendant Penn Jersey Building Materials, Inc., demanded payment of the control group's withdrawal liability, which was computed as $961,281.59, payable in twenty-seven (27) quarterly installments of $44,235.94 and a final quarterly payment of $12,528.11, with a first payment, plus back payments commencing on April 6, 2012 [February 6, 2012 Letter Attached as Exhibit C].

29. Having not received any payment from defendants, the Fund, by way of letter dated April 10, 2012, demanded the that defendants make the required payments within sixty (60) days [April 10, 2012 Letter Attached as Exhibit D].

30. In a letter dated May 4, 2012, James Johnson, President of defendant Penn Jersey Building Materials, Inc., requested a review of the Plan's withdrawal liability assessment [May 4, 2012 Letter Attached as Exhibit E].

31. In a letter dated May 11, 2012, the Plan responded to the request for review, confirming the Plan's assessment of withdrawal liability [May 11, 2012 Letter Attached as Exhibit F].

32. The defendants, thereafter, failed and/or refused to make the required withdrawal liability payments to the Fund.

33. On June 13, 2012, the Fund, by way of letter, notified the defendants that the failure to make timely withdrawal liability payments to the Fund resulted in a default [June 13, 2012 Letter Attached as Exhibit G].

34. The defendants never filed a demand for arbitration or otherwise initiated arbitration procedures within the timeframes established in 29 U.S.C. §1401.

35. To date, no defendant or any affiliated person or entity has made any payments toward the assessed withdrawal liability.

36. The outstanding withdrawal liability is $961,281.59.


## COUNT ONE
## LIABILITY OF PENN JERSEY BUILDING MATERIALS, INC.

37. Paragraphs 1 through 36 of this Complaint are re-alleged as though fully set forth herein.

38. In or about the 2009 Plan year, the defendants effectuated a complete withdrawal from the Fund by permanently ceasing an obligation to contribute under the plan.

39. By completely withdrawing from the Plan, the defendants incurred withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

40. Penn Jersey Building Materials, Inc. is a "trade or business under common control" with the other defendants pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated there under.

41. Pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Penn Jersey Building Materials, Inc. is jointly and severally liable for the withdrawal liability assessed against defendants, as well as interest, liquidated damages and attorney's fees, costs and other relief sought in this action.


**WHEREFORE**, plaintiff respectfully requests that this honorable court:

(a)    Assume jurisdiction over this matter pursuant to 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c);

(b)   Enter an Order declaring Penn Jersey Building Materials, Inc. liable for the assessed withdrawal liability;

(c )   Enter an Order for judgment in favor of the plaintiff and against Penn Jersey Building Materials, Inc. in an amount equal to the assessed withdrawal liability (*i.e.*, $961,281.59), plus interest and liquidated damages;

(d)   Enter an Order directing Penn Jersey Building Materials, Inc. to pay to plaintiff all reasonable attorneys' fees, expenses and the costs of research, investigation, initiation, maintenance and prosecution of this claim; and

(g)   Award plaintiff such other and further relief as may be just, necessary and proper.

## COUNT TWO
## LIABILITY OF AGATE CONSTRUCTION CO., INC.

42. Paragraphs 1 through 41 of this Complaint are re-alleged as though fully set forth herein.

43. In or about the 2009 Plan year, the defendants effectuated a complete withdrawal from the Fund by permanently ceasing an obligation to contribute under the plan.

44. By completely withdrawing from the Plan, the defendants incurred withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

45. Agate Construction Co., Inc. is a "trade or business under common control" with the other defendants pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated there under.

46. Pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Agate Construction Co., Inc. is jointly and severally liable for the withdrawal liability assessed against defendants, as well as interest, liquidated damages and attorney's fees, costs and other

relief sought in this action.

**WHEREFORE**, plaintiff respectfully requests that this honorable court:

(a)   Assume jurisdiction over this matter pursuant to 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c);

(b)   Enter an Order declaring Agate Construction Co., Inc. liable for the assessed withdrawal liability;

(c )   Enter an Order for judgment in favor of the plaintiff and against Agate Construction Co., Inc. in an amount equal to the assessed withdrawal liability (*i.e.*, $961,281.59), plus interest and liquidated damages;

(d)   Enter an Order directing Agate Construction Co., Inc. to pay to plaintiff all reasonable attorneys' fees, expenses and the costs of research, investigation, initiation, maintenance and prosecution of this claim; and

(g)   Award plaintiff such other and further relief as may be just, necessary and proper.

## COUNT THREE
## LIABILITY OF TUCKAHOE SAND & GRAVEL CO., INC.

47. Paragraphs 1 through 46 of this Complaint are re-alleged as though fully set forth herein.

48. In or about the 2009 Plan year, the defendants effectuated a complete withdrawal from the Fund by permanently ceasing an obligation to contribute under the plan.

49. By completely withdrawing from the Plan, the defendants incurred withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

50. Tuckahoe Sand & Gravel Co., Inc. is a "trade or business under common control" with the other defendants pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1),

Section 414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated there under.

51. Pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Tuckahoe Sand & Gravel Co., Inc. is jointly and severally liable for the withdrawal liability assessed against defendants, as well as interest, liquidated damages and attorney's fees, costs and other relief sought in this action.

**WHEREFORE**, plaintiff respectfully requests that this honorable court:

(a)   Assume jurisdiction over this matter pursuant to 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c);

(b)   Enter an Order declaring Tuckahoe Sand & Gravel Co., Inc. liable for the assessed withdrawal liability;

(c )   Enter an Order for judgment in favor of the plaintiff and against Tuckahoe Sand & Gravel Co., Inc. in an amount equal to the assessed withdrawal liability (*i.e.*, $961,281.59), plus interest and liquidated damages;

(d)   Enter an Order directing Tuckahoe Sand & Gravel Co., Inc. to pay to plaintiff all reasonable attorneys' fees, expenses and the costs of research, investigation, initiation, maintenance and prosecution of this claim; and

(g)   Award plaintiff such other and further relief as may be just, necessary and proper.

## COUNT THREE
## LIABILITY OF EASTERN TRANSIT MIX

52. Paragraphs 1 through 51 of this Complaint are re-alleged as though fully set forth herein.

53. In or about the 2009 Plan year, the defendants effectuated a complete withdrawal from the Fund by permanently ceasing an obligation to contribute under the plan.

54. By completely withdrawing from the Plan, the defendants incurred withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

55. Eastern Transit Mix is a "trade or business under common control" with the other defendants pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated there under.

56. Pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Eastern Transit Mix is jointly and severally liable for the withdrawal liability assessed against defendants, as well as interest, liquidated damages and attorney's fees, costs and other relief sought in this action.

**WHEREFORE**, plaintiff respectfully requests that this honorable court:

(a)   Assume jurisdiction over this matter pursuant to 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c);

(b)   Enter an Order declaring Eastern Transit Mix liable for the assessed withdrawal liability;

(c )   Enter an Order for judgment in favor of the plaintiff and against Eastern Transit Mix in an amount equal to the assessed withdrawal liability (*i.e.*, $961,281.59), plus interest and liquidated damages;

(d)   Enter an Order directing Eastern Transit Mix to pay to plaintiff all reasonable attorneys' fees, expenses and the costs of research, investigation, initiation, maintenance and prosecution of this claim; and

(g)   Award plaintiff such other and further relief as may be just, necessary and proper.


Respectfully submitted,

MARKOWITZ & RICHMAN

 /s/   Matthew D. Areman
Matthew D. Areman (MA-1298)
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
215-875-3100

Attorneys for Plaintiffs


Dated: November 6, 2012